### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

NACSO NON-PROFIT BUSINESS
LEAGUE INC.,

      Plaintiff,

v.

CONSUMER FINANCIAL PROTECTION
BUREAU,

      Defendant.

Case No.:  0:20-CV-61010-AHS

### PLAINTIFF'S UNOPPOSED MOTION TO FILE SUPPLEMENT TO IDENTIFY "DOE CORPORATION" ALLEGED AT PARAGRAPH 3 OF THE AMENDED COMPLAINT UNDER SEAL

Plaintiff, Nacso Non-Profit Business League Inc. ("NACSO"), by and through undersigned counsel, respectfully requests entry of an order, pursuant to Local Rule 5.4, allowing Plaintiff to file under seal a supplement to identify the "Doe Corporation" alleged at paragraph 3 of the Amended Complaint (Dkt. No. 14) against Defendants, Federal Trade Commission (the "FTC") and Consumer Financial Protection Bureau (the "CFPB") (collectively, the "Defendants"). The CFPB does not oppose entry of such an order. The FTC has not yet been served with a summons in this action. In support, NACSO states as follows:

**1. An identification and description of each item proposed for sealing.** By way of background, this case is about the Defendants' alleged application of the Telemarketing Sales Rule, 16 C.F.R. § 310.4(a)(2)(ii) (the "TSR") to members of NACSO, which include credit repair organizations. NACSO filed its Complaint seeking declaratory relief on May 21, 2020. Since that time, NACSO has obtained new information which flows from the CFPB's non-public investigation of, and issuance of Civil Investigative Demands to, some of NACSO's members.

1

This information reflects the Defendants' substantive application of the TSR against members of NACSO. Substantive as-applied challenges may be brought up to six (6) years after the regulation was applied. *See Florida Keys Citizens Coalition Inc. v. West*, 996 F. Supp. 1254, 1256 (S.D. Fla. 1998). As such, on September 15, 2020, NACSO filed its Amended Complaint that alleges, *inter alia*, a member was issued a Civil Investigative Demand in April 2020. *See* Amended Complaint at ¶ 3. This allegation addresses the Court's jurisdiction and rebuts any contrary argument that may be asserted by Defendants. However, in recognition of the generally non-public nature of these investigations, the Amended Complaint only identifies the member as "Doe Company" which was issued the Civil Investigative Demand in April 2020. *See* 12 C.F.R. § 1080.14 ("Bureau investigations generally are non-public."); *see also* 12 U.S.C. § 5562(d)(1).

Because the CFPB's investigations "generally are non-public," 12 C.F.R. § 1080.14, NACSO proposes to file a supplement under seal to reveal the identity of the NACSO member alleged at paragraph 3 of the Amended Complaint to have been the subject of the CFPB's non-public investigation in order to avoid publically disclosing sensitive and confidential information to the detriment of the NACSO member.

**2. The reason that filing each item is necessary.** The disclosure of the identity of the NACSO member which was the subject of the CFPB's non-public investigation addresses the Court's subject matter jurisdiction.

**3. The reason that sealing each item is necessary.** The CFPB's investigations, including the issuance of Civil Investigative Demands, "generally are non-public." 12 U.S.C. § 1080.14. The disclosure of the identity of the NACSO member proposed for sealing must be sealed in order to protect the privacy of, and prevent injury to, the member.

**4. The reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of seal.** NACSO is not aware of means other than those sought herein that would satisfactorily preserve or protect the interests asserted with respect to the NACSO member.

**5. A statement of the proposed duration of the seal.** NACSO proposes the duration of the relief sought herein be for as long as necessary for the Court to consider and rule on the Amended Complaint's request for declaratory judgment.

## MEMORANDUM OF LAW

The public's right of access to judicial documents may be overcome by a showing of good cause by the party seeking protection. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). Generally, good cause "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987). Whether good cause exists is "decided by the nature and character of the information in question." *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribue*, 263 F.3d at 1315). "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." *NXP B.V. v. Research in Motion, Ltd.*, No. 6:120cv0498-Orl-22TBS, 2013 WL 4402833, at *2 (M.D. Fla. Aug. 15, 2013) (quoting *Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 WL 834399, at *2 (N.D.J. Mar. 27, 2009)). Courts must also balance the competing interests of the protection of confidential information and the public's right of access to the confidential information. *See Chicago Tribune Co.*, 263 F.3d at 1313. Courts consider the following factors in balancing these interests:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of an likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

3

whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1245.

A party's privacy interest in information is sufficient to overcome the public's interest in accessing such information. *Romero*, 480 F.3d at 1246. And "[t]here is little question that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm." *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1206 (D.C. 1991) (citing *Senate of Puerto Rico v. U.S. Dept. of Justice*, 823 F.2d 574, 588 (D.C. 1987)).

The factors weigh in favor of sealing the anticipated supplement to the Amended Complaint. In this declaratory action, NACSO intends to disclose, once the Court rules on this Motion to Seal, the identity of one of its members which was issued a Civil Investigative Demand as evidence in support of the Court's jurisdiction. The parties recognize the general "non-public" nature of such investigations. The public disclosure of the NACSO member's identity likely will subject the member to embarrassment and to reputational harm. In addition, allowing public access to the identity of the NACSO member could significantly harm the legitimate privacy interests the member has in protecting against the disclosure of its identity in the context of the CFPB's investigation through this litigation. The likelihood of injury in the event of disclosure is almost certain, and the degree of that injury could be severe.

The identity of the NACSO member does not concern public officials or public concerns, and the sealing of that identity would not impair the Court's function. CFPB presumably is in possession of the identity of the NACSO member that CFPB issued a Civil Investigative Demand, and, in any event, NACSO does not seek to shield that information from Defendants.

Finally, there is no alternative to sealing the identity of the NACSO member subject to a non-public Civil Investigative Demand. A basis for this Court's jurisdiction is established by the enforcement actions taken against the NACSO member by the CFPB. In light of the recognized "non-public" nature of Civil Investigative Demands and the irreparable harm that would result from the public disclosure of the identity of the NACSO member, the Court should exercise its discretion to seal the supplement that will be limited to the identification of the alleged "Doe Corporation" for the duration of the case.

WHEREFORE, Plaintiff Nacso Non-Profit Business League Inc. respectfully requests the Court to enter an order granting this Motion to Seal, directing NACSO to file its supplement to identify the "Doe Corporation" alleged at paragraph 3 of the Amended Complaint under seal, and awarding such other and further relied as this Court deems just and proper.

### CERTIFICATE OF CONFERRAL

Pursuant to Rule 7.1(a)(3) of the Local Rules, I certify that counsel for Plaintiff, Nacso Nonprofit Business League Inc., has conferred with counsel or Defendant, Consumer Financial Protection Bureau, in a good faith effort to resolve the issues raised in this Motion. Counsel for Defendant has indicated that Defendant does not oppose this Motion.

Dated: September 23, 2020                     Respectfully submitted,

                                               */s/ Beth-Ann E. Krimsky*
                                               Beth-Ann E. Krimsky
                                               Florida Bar No. 968412
                                               Lawren A. Zann
                                               Florida Bar No. 42997
                                               GREENSPOON MARDER LLP
                                               200 E. Broward Blvd., Suite 1800
                                               Fort Lauderdale, FL 33301
                                               Tel: (954) 527-6296
                                               Fax: (954) 333-4027
                                               *Counsel for Plaintiff*

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing Motion to File Supplement to Identity "Doe Corporation" Alleged at Paragraph 3 of the Amended Complaint Under Seal was served on September 23, 2020, by transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

*/s/ Beth-Ann E. Krimsky*
Beth-Ann E. Krimsky

45085810v1