**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

Case No. 0:20-CV-61010-AHS

NACSO NONPROFIT BUSINESS
LEAGUE INC.,
    Plaintiff,

vs.

CONSUMER FINANCIAL PROTECTION
BUREAU and FEDERAL TRADE
COMMISSION,
    Defendants.

_____/

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

NACSO's Amended Complaint challenges the promulgation of the Telemarketing Sales Rule's (TSR) advance-fee prohibition, a prohibition that applies to credit repair organizations. As Defendants (the Consumer Financial Protection Bureau (CFPB) and the Federal Trade Commission (FTC)) explained, this Court lacks subject-matter jurisdiction with respect to all three counts of the Amended Complaint. Defendants' Motion to Dismiss (Doc. 25) at 5-8. The reason for this is that the Amended Complaint alleges violations of the Administrative Procedure Act (APA), but the only final agency action that NACSO challenges occurred far outside of the APA's six-year jurisdictional statute of limitations. *Id.* NACSO has just one answer: It contends that all three counts assert a "substantive as-applied challenge" to the TSR's advance-fee prohibition. *See* Response in Opposition to Defendants' Motion to Dismiss (Doc. 29) at 1, 7, 8, 9, 10. However, even when a plaintiff makes a substantive as-applied challenge pursuant to the APA, it must still identify final agency action that occurred within the preceding six years. NACSO fails to do that.

**ARGUMENT**

All three counts of NACSO's Amended Complaint allege that promulgation of the TSR's advance-fee prohibition violated the APA. As Defendants explained, and Plaintiffs do not contest, the APA is the only statute that could provide this Court with a waiver of sovereign immunity and, accordingly, subject matter jurisdiction. Doc. 25 at 8 n.3. An action alleging an APA violation must challenge "final agency action" that occurred within the preceding six years. 5 U.S.C. § 704; 28 U.S.C. § 2401(a); *see* Doc. 25 at 7, 12. But the only final agency action challenged in the Amended Complaint is Defendant FTC's promulgation of the TSR's advance-fee prohibition. Doc. 25 at 8. Because the FTC promulgated that provision in 1995, NACSO's challenge falls far outside the APA's six-year statute of limitations. *Id.* at 6. Further, that statute of limitations is jurisdictional, and as a result, this Court lacks subject matter jurisdiction with respect to all three counts of the Amended Complaint. *Id.*

NACSO tries to get around this problem by claiming that it is making a "substantive, as-applied challenge." Doc. 29 at 8. This argument reflects the summary allegation NACSO makes in its Amended Complaint: "This action was filed within 6 years of the substantive application of the TSR to members of NACSO." Doc. 14 at ¶ 13. While it is true that a plaintiff who makes a substantive as-applied challenge may, in appropriate circumstances, be able to challenge the statutory authority or constitutionality of a rule that was issued more than six years earlier, that plaintiff must still identify a final agency action that both applied the rule to the plaintiff and occurred within the preceding six years. *See* Doc. 25 at 10.[1]

---

[1] All the cases cited by NACSO, *see* Doc. 29 at 7, actually support Defendants' argument. *See Wind River Mining Corp. v. United States*, 946 F.2d 710 (9th Cir. 1991) (court permitted the plaintiff to challenge the constitutionality of an agency decision that had occurred more than six

NACSO fails to do this, because what it refers to as "substantive applications" are not final agency actions, and nowhere in its Amended Complaint does it identify any final agency action taken by either of the Defendants within the preceding six years. At Paragraph 3 of its Amended Complaint, NACSO describes two actions taken by Defendant CFPB against two entities that NACSO contends are among its members: the filing of a complaint in a district court seeking to enforce the advance-fee prohibition of the TSR (*BCFP* v. *Commonwealth Equity Group, LLC*, No. 1:20-cv-10991 (D. Mass. Complaint filed May 22, 2020)), and the initiation of an investigation by the CFPB against a Doe corporation.[2] NACSO refers to each of these actions as a "substantive application" of the TSR.[3] But no matter what NACSO chooses to call them, neither constitutes

---

years earlier only because there had been final agency action applying that decision to the plaintiff within six years of the filing of the complaint); *Alabama v. PCI Gaming Auth.*, 801 F.3d 1278 (11th Cir. 2015) (the court refused to permit the state to challenge a Department of Interior decision taking certain lands into trust because that decision had been reached more than six years prior to the filing of the state's complaint); *Legal Env't Assistance Found. v. EPA*, 118 F.3d 1467 (11th Cir. 1997) (regulations that are immune from direct review may nonetheless be reviewed as part of a challenge to a final agency action based on those regulations); *Fla. Keys Citizens Coal. v. West*, 996 F. Supp. 1254 (S.D. Fla. 1998) (even though a regulation permitting the discharge of pollutants had been issued more than six years earlier, the plaintiff could nonetheless challenge that regulation if the plaintiff could show that, within the preceding six years, it had been affected by a permit granted pursuant to the regulation).

[2] When either the CFPB or the FTC brings an action to enforce the advance-fee prohibition, the defendant is generally free in its defense to challenge the TSR, and indeed, in *Commonwealth Equity Group*, the defendants did so. *See BCFP* v. *Commonwealth Equity Gp.,* No. 1:20-cv-10991-RWZ at ECF 30 (Memorandum in Support of Motion to Dismiss, filed Sept. 30, 2020) (alleging that the FTC lacked statutory authority to promulgate the TSR's advance-fee prohibition, and that the provision was unconstitutional). NACSO could attempt to intervene in that action but has not done so.

[3] Both of these "substantive applications" were taken by the CFPB. *See* Doc. 29 at 2 ("The claims asserted by NACSO arise out of the application and enforcement of the TSR by the [CFPB]"). NACSO's Amended Complaint does not identify any "substantive application" taken by Defendant FTC against any of its members.

final agency action.[4] Doc. 25 at 13, citing *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 239 (1980) ("[t]he Commission's issuance of its complaint was not 'final agency action'"), and *First Nat'l Monetary Corp. v. CFTC*, 677 F.2d 522, 525 (6th Cir. 1982) ("the act of filing a complaint is interlocutory and not 'final'").

Indeed, NACSO concedes that the only final agency action it challenges is the promulgation of the TSR.[5] *See* Doc. 29 at 1 ("[t]he Amended Complaint alleges … the final agency action to be the promulgation of the TSR"). That concession is fatal to NACSO's case. The promulgation of the TSR occurred more than 19 years outside the APA's statute of limitations. Because NACSO does not challenge any final agency action that occurred within the six years preceding its Amended Complaint, this Court lacks subject matter jurisdiction and the Amended Complaint must be dismissed.

Finally, NACSO continues to urge this Court to grant a declaratory judgment. Doc. 29 at 9-10 citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). However, the Declaratory

---

[4] NACSO also refers to a statement issued by the CFPB advising credit bureaus, and those who furnish information to credit bureaus, that under the Fair Credit Reporting Act and its implementing regulations, they need not "investigate disputes submitted by credit repair organizations and disputes they reasonably determine to be frivolous or irrelevant." *See* Doc. 29 at 2, citing Doc. 14 at ¶ 4, in turn citing https://files.consumerfinance.gov/f/documents/cfpb_credit-reporting-policy-statement_cares-act_2020-04.pdf. This statement has nothing to do with the TSR's advance-fee prohibition, and, in any event, is not final agency action. *See Indep. Equip. Dealers Ass'n v. EPA*, 372 F.3d 420, 427 (D.C. Cir. 2004) (letter that is informational in nature does not constitute final agency action).

[5] This concession, which applies to all three counts of NACSO's Amended Complaint, *see* Doc. 29 at 10-11, establishes a second flaw with respect to counts II and III (the only counts that name the CFPB). In particular, these two counts are not only beyond this Court's subject matter jurisdiction (with respect to both Defendants), but should also be dismissed with respect to the CFPB pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim because the CFPB did not promulgate, and has no rulemaking authority with respect to, the TSR. *See* Doc. 25 at 4 & n.2.

Judgment Act does not confer jurisdiction upon this Court. *See Sellers v. Nationwide Mut. Fire Ins. Co.*, 968 F.3d 1267, 1273 (11th Cir. 2020). Further, *MedImmune* merely addresses whether, in a case where the court otherwise had subject matter jurisdiction, there was a justiciable case or controversy. Here, NACSO's problem is that it has failed to identify an applicable waiver of sovereign immunity, a jurisdictional requirement in an action that, unlike *MedImmune*, is brought against the government. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because NACSO has not otherwise established subject matter jurisdiction, this Court has no authority to grant a declaratory judgment.[6]

## CONCLUSION

For the reasons set forth above, and in Defendants' Motion to Dismiss, this Court should dismiss NACSO's Amended Complaint.

---

[6] Moreover, even if this Court had subject matter jurisdiction, it should decline to enter a declaratory judgment because, as explained in footnote 2 above, NACSO's members have a procedurally appropriate means to challenge the TSR if either the CFPB or the FTC brings an enforcement action against one of them. *See also* Doc. 25 at 8-11.

Dated: February 10, 2021                           Respectfully submitted,

| | |
|---|---|
| JAMES REILLY DOLAN<br>Acting General Counsel<br><br>JOEL MARCUS<br>Deputy General Counsel<br><br>*/s/ Imad Abyad*<br>IMAD D. ABYAD<br>Attorney<br>Phone: 202-326-3579<br>Email: iabyad@ftc.gov<br><br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br><br>Counsel for Defendant<br>FEDERAL TRADE COMMISSION | MARY McLEOD<br>General Counsel<br><br>JOHN R. COLEMAN<br>Deputy General Counsel<br><br>LAURA M. HUSSAIN<br>Assistant General Counsel<br><br>*/s/ Lawrence DeMille-Wagman*<br>LAWRENCE DEMILLE-WAGMAN<br>Senior Litigation Counsel<br>Phone: 202-435-7957<br>E-mail: Lawrence.DeMille-Wagman@cfpb.gov<br><br>Consumer Financial Protection Bureau<br>1700 G Street, N.W.<br>Washington, D.C. 20552<br><br>Counsel for Defendant<br>CONSUMER FINANCIAL PROTECTION BUREAU |