UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61010-CIV-SINGHAL/VALLE

NACSO NON-PROFIT BUSINESS
LEAGUE, INC.,

    Plaintiff,

v.

CONSUMER FINANCIAL PROTECTION
BUREAU and FEDERAL TRADE
COMMISSION,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants Consumer Financial Protection Bureau ("the Bureau") and Federal Trade Commission's ("the FTC") Motion to Dismiss the Amended Complaint (DE [25]). Plaintiff NACSO Non-Profit Business League, Inc. ("NACSO") has filed a Response in Opposition (DE [29]), and Defendants have filed a Reply (DE [30]). For the reasons discussed below, the Court grants Defendants' Motion to Dismiss for lack of subject-matter jurisdiction.[1]

### I. BACKGROUND

NACSO alleges that it is an association of organizations in the credit repair industry and is governed by the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.* Am. Compl. ¶ 7 (DE [14]). NACSO members make calls to and receive calls from

---

[1] As discussed in detail in this Order, a court must have subject-matter jurisdiction to hear and decide a case or controversy. If there is not subject-matter jurisdiction, a court cannot and should not reach the merits of a claim. Regardless of how deserving any party may be factually, the Court can proceed no further.

"persons whose credit worthiness or credit standing may be improved by" NACSO's services. *Id.* The Bureau regulates consumer financial products and services under federal law. *Id.* ¶ 8. The FTC promulgates telemarketing rules and enforces compliance with the CROA and the Telemarketing Act, 15 U.S.C. § 6101 *et seq.* Am. Compl. ¶¶ 9–10 (DE [14]). In this action, NACSO challenges the constitutionality of the Telemarketing Sales Rule ("the TSR"), *id.* ¶ 2, which provides:

> (a) Abusive conduct generally. It is an abusive telemarketing act or practice and a violation of this Rule for any seller or telemarketer to engage in the following conduct:
>
> . . .
>
> (2) Requesting or receiving payment of any fee or consideration for goods or services represented to remove derogatory information from, or improve, a person's credit history, credit record, or credit rating until:
>
> (i) The time frame in which the seller has represented all of the goods or services will be provided to that person has expired; and
>
> (ii) The seller has provided the person with documentation in the form of a consumer report from a consumer reporting agency demonstrating that the promised results have been achieved, *such report having been issued more than six months after the results were achieved*. . . [.]

16 C.F.R. § 310.4(a)(2)(i)–(ii) (emphasis added).

NACSO alleges that the Bureau has enforced the TSR against two of NACSO's members within the last six years: In April 2020, the Bureau sent a civil investigative demand to "Doe Corporation,"[2] advising that the Bureau was investigating whether Doe Corporation violated the TSR and whether the Bureau should take legal action. Am. Compl. ¶ 3(a) (DE [14]). And in May 2020, the Bureau sued Commonwealth Equity Group, LLC d/b/a Key Credit Repair for "allegedly violating the TSR." *Id.* ¶ 3(b). NACSO

---

[2] This Court granted NACSO's motion to file under seal a supplement revealing Doe Corporation's identity, *see* (DE [22]), but NACSO has not yet filed such supplement.

further alleges that the FTC enforces only the CROA, not the TSR, against credit repair organizations, and the FTC did not delegate authority to the Bureau to enforce the TSR. *See id.* ¶¶ 30–36.

NACSO filed its three-count Amended Complaint seeking: (I) a declaratory judgment against the FTC that the TSR is unconstitutional because the FTC exceeded its statutory authority in promulgating the TSR, *id.* ¶¶ 54–65; (II) a declaratory judgment against the Bureau and the FTC that, as applied, the TSR is an unconstitutional content-based restriction on protected speech, *id.* ¶¶ 66–78; and (III) a declaratory judgment against the Bureau and the FTC that the TSR is unconstitutional because it is underinclusive and not narrowly tailored, *id.* ¶¶ 79–85.

NACSO maintains that this Court has federal-question jurisdiction under 28 U.S.C. § 1331 and under the Administrative Procedure Act ("APA"), 6 U.S.C. § 702 *et seq.* Am. Compl. ¶¶ 11–12 (DE [14]).  Defendants now move to dismiss the Amended Complaint, arguing that this Court lacks subject-matter jurisdiction under the APA's six-year statute of limitations and that counts II and III also fail to state a claim.

II. **LEGAL STANDARD**

A federal court that lacks subject-matter jurisdiction is powerless to hear the case. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974–75 (11th Cir. 2005) (quoting *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)).  The United States is immune from being sued except as it consents, and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those

conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983) (citations omitted).

### III.  DISCUSSION

Defendants first argue that this Court lacks subject-matter jurisdiction because the APA's six-year statute of limitations bars this action.  NACSO responds that the claims are not time barred because they involve substantive as-applied challenges of Defendants' enforcement of the TSR against two of NACSO's members in 2020, within the past six years.  Resp. in Opp'n 8–9 (DE [29]).  In reply, Defendants contend that, although an as-applied challenge may be appropriate in some circumstances, NACSO here fails to identify in its Amended Complaint any final agency action that applied the TSR to NACSO within the past six years.  Reply 3–4 (DE [30]).  The Court agrees with Defendants.

"Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401(a).  Under this statute, "[a] six-year general statute of limitations applies to APA claims brought against the United States; the statute begins to run when the agency issues the final action that gives rise to the claim."  *Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1292 (11th Cir. 2015) (citations omitted).  "An agency action is final when the action both (1) marks the end of the agency's decision-making process and (2) determines rights or obligations or has legal consequences."  *Daniel v. Castro*, 662 F. App'x 645, 648 (11th Cir. 2016) (quoting *Perez v. U.S. Bureau of Citizenship & Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014)).

4

Two types of challenges to an agency regulation exist: a procedural challenge or a substantive challenge. *Fla. Keys Citizens Coal. Inc. v. West*, 996 F. Supp. 1254, 1256 (S.D. Fla. 1998). A cause of action challenging a regulation on the ground of a procedural irregularity in adoption accrues when the regulation is formally issued and first appears in the Federal Register. *Id.* (citing *Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991)). In contrast, "[a] substantive challenge to an agency decision alleging lack of agency authority may be brought within six years of the agency's application of that decision to the specific challenger." *Id.* (quoting *Wind River Mining Corp.*, 946 F.2d at 716); *see also PCI Gaming Auth.*, 801 F.3d at 1292 (explaining exception to six-year bar if "the regulation was outside the agency's statutory authority" and the party affected by the rule "could not have brought a timely challenge" (citations omitted)).

Here, the Court agrees with Defendants that NACSO's original Complaint, filed in 2020, that challenges the procedure of the TSR's promulgation is beyond the six-year statute of limitations because the TSR first appeared in the Federal Register in 1995. *See* Telemarketing Sales Rule, 60 Fed. Reg. 43842, 43853–54 (Aug. 23, 1995) (to be codified at 16 C.F.R. pt. 310); Mot. to Dismiss 8 (DE [25]). Thus, any procedural attack on the TSR is time barred.[3]

---

[3] Defendants cite an Eleventh Circuit case for the proposition that "[u]nlike an ordinary statute of limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006). That case, in turn, quoted *Spannaus v. United States Department of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987), for that proposition.

But the Supreme Court later decided *United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015), where it held that subsection (b) of § 2401—which contains a time bar for tort claims against the United States—was not jurisdictional and therefore allowed equitable tolling. The D.C. Circuit has recently concluded that *Kwai Fun Wong* overruled *Spannaus*. *Jackson v. Modly*, 949 F.3d 763, 776 (D.C. Cir. 2020). Thus, applying the Supreme Court's reasoning to § 2401(a), the D.C. Circuit now holds that § 2401(a) is not a jurisdictional bar, *id.* at 778, as do other circuits, *see Sisseton-Wahpeton Oyate of Lake Traverse Rsrv. v. U.S. Corps of Eng'rs*, 888 F.3d 906, 917 n.4 (8th Cir. 2018).

The Court also agrees with Defendants that any substantive attack is time barred, as well. The Amended Complaint states, in conclusory fashion, that "[t]he substantive application of the TSR constitutes final agency action." Am. Compl. ¶ 12 (DE [14]). But NACSO does not identify any *final* agency action taken against it. First, the factual allegations asserting agency actions against two NACSO members identify only the Bureau—not the FTC—as enforcing the TSR. *See id.* ¶ 3. Thus, NACSO has failed to identify any final agency action taken by the FTC. *See* Reply 3 n.3 (DE [30]).

Second, even the Bureau's sending a civil investigative demand letter to Doe Corporation and the Bureau's filing a complaint against Commonwealth Equity Group do not constitute final agency action. A final action "marks the end of the agency's decision-making process" and "determines rights or obligations or has legal consequences." *Daniel*, 662 F. App'x at 648. Neither element is present in the factual allegations here. In fact, the demand letter to Doe Corporation stated that an investigation would be conducted "to determine whether Bureau action to obtain legal or equitable relief would be in the public interest." Am. Compl. ¶ 3(a) (DE [14]).

Similarly, the Bureau's filing of a complaint against Commonwealth Equity Group, *see id.* ¶ 3(b), is not a final agency action. *See, e.g.*, *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 234, 239 (1980) (holding that FTC's issuance of an administrative complaint against oil company for its alleged violation of the Federal Trade Commission Act "was not 'final agency action'"); *LabMD, Inc. v. F.T.C.*, 776 F.3d 1275, 1279 (11th Cir. 2015) (recognizing *Standard Oil*'s holding, noting that other circuits have applied limited

---

It does not appear that the Eleventh Circuit has expressly extended *Kwai Fun Wong*'s reasoning to § 2401(a). Consequently, as the case law stands, this Court is still bound by *Center for Biological Diversity*. But regardless of whether § 2401(a) is a jurisdictional or non-jurisdictional bar, the result in this case is the same because equitable tolling has not been raised.

exceptions, and holding that FTC's complaint in *LabMD* was not final agency action); *First Nat'l Monetary Corp. v. Commodity Futures Trading Comm'n*, 677 F.2d 522, 525 (6th Cir. 1982) ("[T]he act of filing a complaint is interlocutory and not 'final.'"). The Bureau's case against Commonwealth Equity Group in the District of Massachusetts is still ongoing and has not resulted in a final determination. *See Consumer Fin. Prot. Bureau v. Commonwealth Equity Grp., LLC*, No. 1:20-cv-10991-RWZ.[4] Thus, NACSO has failed to allege a final agency action against Doe Corporation or Commonwealth Equity Group.

Lastly, NACSO generally alleges that the Bureau has been "increasing its improper application of the TSR" by "encouraging consumer reporting agencies to not investigate 'disputes submitted by credit repair organizations and disputes they reasonably determine to be frivolous or irrelevant.'" Am. Compl. ¶ 4 (DE [14]) (quoting Consumer Financial Protection Bureau, *Statement on Supervisory and Enforcement Practices Regarding the Fair Credit Reporting Act and Regulation V in Light of the CARES Act* ("the Bureau's Statement") (Apr. 1, 2020), https://files.consumerfinance.gov/f/documents/cfpb_credit-reporting-policy-statement_cares-act_2020-04.pdf (last accessed Mar. 4, 2020)). As Defendants correctly note, the Bureau's Statement is a policy statement that has nothing to do with the TSR at issue in this case and is not a final agency action. *See, e.g.*, *Indep. Equip. Dealers Ass'n v. E.P.A.*, 372 F.3d 420, 427 (D.C. Cir. 2004) (holding that EPA's letter that did not change the regulations, was purely informational in nature, and did not

---

[4] Although the docket of the District of Massachusetts lawsuit is beyond the four corners of the Amended Complaint, the incorporation by reference to the lawsuit in the Amended Complaint allows this Court to consider it. *See Roberts v. Carnival Corp.*, 824 F. App'x 825, 826 (11th Cir. 2020) ("[T]he court is ordinarily barred from considering facts not alleged in the complaint or documents attached to a motion to dismiss. But an exception to this rule applies if a document attached to the complaint is referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." (internal citations and quotation marks omitted)).

compel any party to take any action "had no binding effect whatsoever"). This conclusion is further supported by the text of the Bureau's Statement itself, which informs that it is "a non-binding general statement of policy articulating considerations relevant to the Bureau's exercise of its supervisory and enforcement authorities." Bureau's Statement, at 3; *see also Nat'l Min. Ass'n v. Sec'y of Labor*, 589 F.3d 1368, 1371 (11th Cir. 2009) (stating that "the agency's expressed intentions as reflected by its characterization of the statement" is a factor to consider in determining whether the statement is "a binding norm or a policy statement" (citation omitted)). Thus, NACSO has failed to allege that any final agency action was applied to it or its members within the past six years.

## IV.   CONCLUSION

In conclusion, NACSO's procedural challenge to the TSR's promulgation is barred because it is beyond the six-year statute of limitations in 28 U.S.C. § 2401(a), and NACSO's substantive challenge to the TSR's application is barred because NACSO has failed to identify any final agency action taken by the Bureau or the FTC against NACSO. This Court therefore lacks subject-matter jurisdiction over NACSO's claims and has no authority to reach Defendants' alternative argument that counts II and III fail to state a claim. *See Chance v. Zinke*, 898 F.3d 1025, 1029 (10th Cir. 2018) ("The Supreme Court has made clear that courts may not exercise 'hypothetical jurisdiction' to reach the merits of a case, even if proceeding in such a manner might offer a more straightforward path to its resolution." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the Amended Complaint (DE [25]) is **GRANTED** for lack of subject-matter jurisdiction, and this action is

**DISMISSED** without prejudice.  The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of March 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF